UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIANE B. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2587 PLC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner of Operations, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 13) For the reasons set forth below, Defendant's motion to dismiss is granted.

*I.  Background*

On January 24, 2012, Plaintiff, who is proceeding *pro se*, filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act alleging that she was disabled as of December 31, 1989. (ECF No. 13-1) The Social Security Administration (SSA) denied Plaintiff's claims, and she filed a timely request for a hearing before an administrative law judge. (ECF No. 13-2) Following a hearing, an ALJ issued a "partially favorable" decision in August 2014. (Id.) The ALJ found that Plaintiff was disabled as of January 24, 2012 and granted her

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

application for Supplemental Security Income. (Id.) However, the ALJ dismissed her application for Disability Insurance Benefits. (Id.)

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. (ECF No. 13-3) By notice dated February 9, 2016, the Appeals Council informed Plaintiff of its action and advised Plaintiff that she had sixty days from receipt of the notice to seek judicial review by filing a complaint in the United States District Court. (Id.)

Plaintiff timely filed a civil action in this Court in April 2016. See Jackson v. Colvin, 4:16-CV-479 PLC (E.D.Mo.). Pursuant to the Court's case management order, Plaintiff's brief was due in July 2016. (Id.) Plaintiff did not file a brief and, in November 2016, the Court ordered Plaintiff to show cause why the action should not be dismissed without prejudice for failure to timely file her brief. (Id. at No. 16) Plaintiff did not show cause, and the Court dismissed the action without prejudice on November 29, 2016. (Id. at No. 17)

On October 16, 2017, Plaintiff filed the instant complaint, again appealing the ALJ's decision of August 2014.[2] (ECF No. 1) In response, Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted,

---

[2] In her complaint, Plaintiff sought review of an Appeals Council decision of June 2016 and ALJ decisions of August 2014 and September 2016. (ECF No. 1). Because the June 2016 and September 2016 dates do not correspond to decisions by either the Appeals Council or ALJ, the Court considers only her appeal of the ALJ's decision of August 2014.

2

arguing that Plaintiff did not file the complaint within sixty days of her presumptive receipt of the Appeals Council's February 9, 2016 notice.[3]  (ECF No. 13).

In January 2018, Plaintiff filed a response in opposition to Defendant's motion to dismiss, stating that she was "here in the STLCJ waiting for trial on January 12, 2017" and "asking [] the courts to not interfere with this claim, 4:17-CV-2587-PLC, upon having more time and extension." (ECF No. 15).  Plaintiff neither addressed Defendant's argument that her complaint was untimely nor alleged circumstances to justify equitably tolling the limitations period.

## II.  Discussion

"The Social Security Act establishes a mechanism for judicial review of final administrative decisions."  Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003).  Pursuant to Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The "more lenient" regulations provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual."  Bess, 337 F.3d at 989 (quoting 20 C.F.R. § 422.210(c)).  They further state that the "date of receipt of…notice of the decision by the Appeals Council shall be presumed to be 5

---

[3] In support of her motion, Defendant filed the declaration of Christina Prelle, Chief of Court Case Preparation and Review of Branch 4 of the Office of Disability Adjudication and Review, Social Security Administration.  (ECF No. 13-1).  Defendant also attached the ALJ's August 2014 decision the Appeals Council's February 9, 2016 notice of action denying Plaintiff's request for review.  (ECF Nos. 13-2, 13-3).

3

days after the date of such notice, unless there is a reasonable showing to the contrary." Id. See also 20 C.F.R. §§ 404.981, 416.1481.

The United States Supreme Court has held that "this timely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled." Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1988) (citing Bowen v. City of New York, 476 U.S. 467 (1986)). It is well established that, in the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. See Bess, 337 F.3d at 988; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

Plaintiff does not argue that the complaint was timely filed, the Court construes her statements in opposition to the Defendant's motion to dismiss as an argument that this Court should equitably toll the statute of limitations. "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." Turner, 862 F.2d at 710. "The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Dooley v. Astrue, 4:08-CV-1113-ERW, 2009 WL 1444215, at *2 (E.D.Mo. May 21, 2009). The Eighth Circuit is "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994).

There is no dispute that Plaintiff filed her complaint outside the sixty-day limitation. As previously discussed, the Appeals Council denied Plaintiff's request for review in February 2016. Plaintiff sought review by filing a timely complaint in this Court in April 2016, which the

4

Court dismissed without prejudice in November 2016. Plaintiff filed the complaint in the instant case approximately eleven months after the Court dismissed her previous action and twenty months after the Appeals Council denied her request for review.

Although Plaintiff stated in her response to that she was incarcerated, she did not claim that incarceration prevented her from actively pursuing judicial remedies. To the contrary, she averred: "I have been working closely both [sic] District Court and Office of Disability Adjudication and Review." (ECF No. 15).

Upon review, the Court finds that this is not one of those rare cases in which it can be said that Plaintiff actively pursued her judicial remedies, or in which Plaintiff was tricked by the Commissioner's misconduct into allowing the filing deadline to pass. See id. Plaintiff has failed to demonstrate that circumstances exist warranting equitable tolling of the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (ECF No. 13) is **GRANTED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of July, 2018